**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **RONNITA JEWEL GUNTER,** | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PWG-16-1386 |
| **AGENTS FOR INTERNATIONAL MONETARY FUND INTERNAL REVENUE SERVICE,** *et al.*, | * * | |
| Defendants. | * | |
| | *** | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Ronnita Jewel Gunter, also known as Bouyea Khalilah Y'ewel Amen-El, "obtain[ed] a $254,308.00 mortgage loan secured by Plaintiff's principal residence," 13119 Overbrook Lane, Bowie, MD 20715 (the "Property"), and a Deed of Trust on the Property in favor of the lender. Compl. ¶ 111, ECF No. 1. While a foreclosure action ("Foreclosure Action") was pending against her in the Circuit Court for Prince George's County[1] with regard to the Property, based on a default on the loan that Gunter contests, *id.* ¶ 100, Plaintiff filed suit, *pro se*, against numerous defendants, including PennyMac Loan Services, LLC ("PennyMac") and Mortgage Electronic Registration Systems, Inc. ("MERS"). *Id.* at 1. She claimed "lack of standing/wrongful foreclosure" (Count 1), fraud in the concealment (Count 2), fraud in the inducement (Count 3), intentional infliction of emotional distress (Count 4), slander of title (Count 5), quiet title (Count 6), violations of the Truth in Lending Act ("TILA") and the Home

---

[1] The Maryland Judiciary Case Search website, http://casesearch.courts.state.md.us/casesearch/inquirySearch.jis, the contents of which I judicially notice, Fed. R. Civ. P. 201, 803(8)(a)(i), 901(b)(5), establishes that the Property was sold, the court ratified the sale, and the Foreclosure Action, Case No. CAEF1410823, since has closed.

Ownership and Equity Protection Act ("HOEPA"), 15 U.S.C. §§ 1601–1693r (Count 8), and violations of the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601–2617 (Count 9). *Id.* at 1, 13, 18–20, 22. Her seventh count was for declaratory relief, and her tenth count was for rescission. *Id.* at 1. [2]

On June 7, 2016, at which time the state court had awarded judgment of possession in favor of PennyMac, Gunter had appealed, and her appeal was pending, I issued an Order dismissing all of Gunter's claims for equitable relief. ECF No. 7. I reasoned that "[w]here equitable relief is sought regarding property that is already the subject of an ongoing *in rem* action in another court, the court controlling the property for purposes of the earlier-filed suit has exclusive jurisdiction over the property." *Id.*

Defendants have moved to dismiss the remaining claims, arguing that Gunter's "claims, to the extent they challenge the Foreclosure Action or PennyMac's standing to foreclose or status as the holder of the Note, must fail as a matter of law" under the doctrine of *res judicata*. Def.'s Mem. 12. Gunter has not opposed Defendants' motion,[3] and the time for doing so has passed.

---

[2] Defendants contend, and Plaintiff has not offered any rebuttal, that Plaintiff's Complaint "tracks a form complaint that has been circulated on the internet" and used, without success, in several other cases filed in this Court. Defs.' Mem. 1 & n.1.

[3] The Court mailed Gunter a Pre-Motion Conference Letter to Parties, ECF No. 3; a Letter Order denying her motion for a temporary restraining order, ECF No. 4; a Letter Order striking her objections to Defendants' pre-motion request and setting the briefing schedule for Defendants' proposed motion to dismiss, ECF No. 12; and a letter notifying her that Defendants filed their motion to dismiss, ECF No. 15; however, all of these documents were returned as undeliverable, ECF Nos. 19–23. The documents were mailed to Gunter's address of record, which is the same address that appears in her most recent correspondence on July 1, 2016, *see* ECF No. 13-1, at – 10. This Court's Local Rules require that self-represented litigants, such as Gunter, keep the Court apprised of their current address or risk dismissal of their case. *See* Loc. R. 102.1(b)(iii) ("Self-represented litigants must file with the Clerk in every case which they have pending a statement of their current address where case-related papers may be served. This obligation is continuing, and if any self-represented litigant fails to comply, the Court may enter an order

*See* Loc. R. 105.2(a). A hearing is not necessary. *See* Loc. R. 105.6. Because I find that *res judicata* precludes this litigation, I will grant Defendants' motion and dismiss this case without reaching Defendants' alternative grounds for dismissal.

### Standard of Review

Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Under this Rule, Gunter's Complaint is subject to dismissal if it "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "a plausible claim for relief," *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Rule 12(b)(6)'s purpose "is to test the sufficiency of a complaint and not to resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Velencia v. Drezhlo*, No. RDB-12-237, 2012 WL 6562764, at *4 (D. Md. Dec. 13, 2012) (quoting *Presley v. City of Charlottesville*, 464 F.3d 480, 483 (4th Cir. 2006)). If an affirmative defense "clearly appears on the face of the complaint," however, the Court may rule on that defense when considering a motion to dismiss. *Kalos v. Centennial Sur. Assocs.*, No. CCB-12-1532, 2012 WL 6210117, at *2 (D. Md. Dec. 12, 2012) (quoting *Andrews v. Daw*, 201 F.3d 521, 524 n. 1 (4th Cir. 2000) (citation and quotation marks omitted)). One such affirmative defense is *res judicata*.

Plaintiff is proceeding *pro se*, and her Complaint is to be construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, liberal construction does not absolve Plaintiff

---

dismissing any affirmative claims for relief filed by that party . . . ."). Thus, Gunter's claims are subject to dismissal on this basis alone. *See id.*

3

from pleading plausible claims. *See Holsey v. Collins*, 90 F.R.D. 122, 128 (D. Md. 1981) (citing *Inmates v. Owens*, 561 F.2d 560, 562–63 (4th Cir. 1977)).

Although at this stage of the proceedings, I accept the facts as alleged in Gunter's Complaint as true, *see Aziz v. Alcolac*, 658 F.3d 388, 390 (4th Cir. 2011), when reviewing a motion to dismiss, I "may consider documents attached to the complaint, as well as documents attached to the motion to dismiss, if they are integral to the complaint and their authenticity is not disputed." *Sposato v. First Mariner Bank*, No. CCB-12-1569, 2013 WL 1308582, at *2 (D. Md. Mar. 28, 2013); *see CACI Int'l v. St. Paul Fire & Marine Ins. Co.*, 566 F.3d 150, 154 (4th Cir. 2009); *see also* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes."). Defendants cite state court documents, of which I may take judicial notice, *see* Fed. R. Civ. P. 201, 803(8)(a)(i), but they do not attach any to their motion. Consideration of documents that the plaintiff references and relies upon does not convert a motion to dismiss into a motion for summary judgment. *See Sec'y of State for Defence v. Trimble Navigation Ltd.,* 484 F.3d 700, 705 (4th Cir. 2007).

## Discussion

*Res judicata* "bars a party from suing on a claim that has already been litigated to a final judgment by that party or such party's privies and precludes the assertion by such parties of any legal theory, cause of action, or defense which could have been asserted in that action." *Reid v. New Century Mortg. Corp.*, No. AW-12-2083, 2012 WL 6562887, at *3 (D. Md. Dec. 13, 2012) (quoting *Ohio Valley Envtl. Coal. v. Aracoma Coal Co.*, 556 F.3d 177, 210 (4th Cir. 2009)) (citation and internal quotation marks omitted). When considering this defense, "a court may take judicial notice of facts from a prior judicial proceeding when the *res judicata* defense raises no disputed issue of fact." *Kalos*, 2012 WL 6210117, at *2 (quoting *Andrews*, 201 F.3d at 524

4

n.1). And, when a federal court litigant asserts *res judicata* based on a state court judgment, "[the] federal court must give to [the] state court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 81 (1984). Under Maryland law, *res judicata*, or claim preclusion, provides grounds for dismissal if a defendant establishes that "(1) the present parties are the same or in privity with the parties to the earlier dispute, (2) the claim presented is identical to the one determined in the prior adjudication, and (3) there has been a final judgment on the merits." *Capel v. Countrywide Home Loans, Inc.*, No. WDQ-09-2374, 2010 WL 457534, at *3 (D. Md. Feb. 3, 2010) (citing *Anne Arundel County Bd. of Educ. v. Norville,* 887 A.2d 1029, 1037 (Md. 2005)).

   *1. Same parties*

   In the Foreclosure Action, Gunter was the defendant and Devan, Gloth, Drexel and McNair, Substitute Trustee, was the plaintiff. Here, Gunter sues Agents for International Monetary Fund Internal Revenue Service, Century Lending Company ("Century"), Government National Mortgage Association ("Ginnie Mae"), PennyMac Loan Services, LLC, and Mortgage Electronic Registration System.[4] Compl. 1. Defendants argue that "the parties involved in this

---

[4] I dismissed Gunter's claims against Does 1 through 100. ECF No. 7. As for her claims against Agents for International Monetary Fund Internal Revenue Service, Gunter fails to describe this Defendant in her section on "Parties," Compl. ¶¶ 1–10, and she does not identify any actions that this Defendant took, beyond claiming generally that "each of the Defendants were the agents, employees, servants and/or the joint-venturers of the remaining Defendants," *id.* ¶ 10. These allegations – or failures to make allegations – are insufficient to state a claim because they do not provide the Court with facts from which it could "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Therefore, I will dismiss this Defendant as well. *See id.* Additionally, while Gunter lists Government National Mortgage Association and Ginnie Mae separately, "Ginnie Mae" is the nickname commonly used for "Government National Mortgage Association." *See, e.g.*, *Brooks v. Mortg. Investors Corp.*, No. WDQ-13-1566, 2015 WL 926123, at *1 (D. Md. Mar. 3, 2015).

litigation are . . . exactly the same, or in privity with the[] parties in the Foreclosure Action." Defs.' Mem. 12. According to Gunter, Century, the lender, sold the loan to Ginnie Mae and assigned the Deed of Trust to PennyMac. *See* Compl. Ex. 5, ECF No. 1-5, at 9, 12. MERS acted "as a 'nominee' for the lender as the beneficiary of the [Deed of Trust]." *Id.* at 13. According to Defendants, "[t]he Deed of Trust named MERS as the beneficiary," and "MERS executed and recorded an assignment of deed of trust . . . , which reflected that the Deed of Trust had been assigned to PennyMac." Defs.' Mem. 2–3. Then, "PennyMac retained the Substitute Trustees to initiate the Foreclosure Action, as reflected in a May 12, 2014 Declaration of Substitution of Trustees, recorded among the Land Records of Prince George's County, Maryland on May 7, 2014 at Liber 35974, folio 269 *et seq.*" *Id.* at 12. They also assert that "the documents submitted by the Substitute Trustees in the Foreclosure Action establish PennyMac's standing and status as the holder of the Note." *Id.* Gunter, in failing to oppose Defendants' motion, does not argue otherwise. I am satisfied that the litigation was between the same parties or their privies.

   *2. Identical claims*

Under Maryland law, courts apply the transaction test to determine whether claims are identical. *See Kent Cnty. Bd. of Educ. v. Bilbrough*, 525 A.2d 232, 238 (Md. 1987). "Under the transaction test, a 'claim' includes all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the claim arose." *Boyd v. Bowen*, 806 A.2d 314, 325 (Md. Ct. Spec. App. 2002) (citing *FWB Bank v. Richman,* 731 A.2d 916, 928 (Md. 1999)). Notably, *res judicata* bars not only claims from the original litigation, but also other claims that could have been brought in the original litigation. *Id.* (citing *Gertz v. Anne Arundel Cnty.,* 661 A.2d 1157, 1161 (Md. 1995)). This Court consistently has held that *res judicata* bars collateral attack on foreclosure judgments. *See*

6

*Prudencio v. Capital One, N.A.*, No. PWG-16-2693, 2016 WL 6947016, at *3 (D. Md. Nov. 28, 2016) (concluding that the second element was satisfied because "all of Plaintiffs' present claims" of violations of the FDCPA, the RESPA, and the Racketeer Influences and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.*; negligence; breach of fiduciary duties; fraud and misrepresentation; civil conspiracy; and intentional infliction of emotional distress "could have been raised in the foreclosure action"); *Jones v. HSBC Bank USA, N.A.*, No. RWT 09CV2904, 2011 WL 382371, at *5 (D. Md. Feb. 3, 2011) (holding that claims for violations of the Fair Debt Collection Practices Act, breach of fiduciary duty, and fraud could not be brought in this Court, as the claims could have been raised in the foreclosure proceeding); *Anyanwutaku v. Fleet Mortg. Group, Inc.,* 85 F. Supp. 2d 566, 571 (D. Md. 2000) (concluding that plaintiff's claims for, *inter alia*, illegal foreclosure, fraud and misrepresentation, and conspiracy were barred by *res judicata* as the claims concern the same transaction).

The crux of Gunter's suit in this Court, which underlies each of her ten claims, is that Defendants "do not have lawful ownership or a security interest" in the Property, or "the right to foreclose on the Property," as the Promissory Note and Deed of Trust she executed in connection with her mortgage are not in their names and were not "properly assigned and/or transferred" to them. Compl. ¶¶ 13, 25, 34, 59, 86; *see also id.* ¶¶ 113, 121, 123. She asserts that her claims for "fraud, intentional infliction of emotional distress, rescission, declaratory relief" and for violations of TILA and RESPA are based "upon the facts and circumstances surrounding Plaintiff's original loan transaction and subsequent securitization." [5] *Id.* ¶ 15. Specifically, in

---

[5] Even though I dismissed all of Gunter's equitable claims, which should have disposed of a number of her causes of action in their entirety, I will consider the effects of *res judicata* as to each cause of action because she seeks not only equitable relief but also damages under each claim. *See* Compl. 25–30.

Counts 2 and 10, she claims that "Defendants concealed the fact that the Loans were securitized as well as the terms of the Securitization Agreements," *id.* ¶ 76, and she seeks damages and to rescind the mortgage loan on that basis, *id.* ¶¶ 149–50.  Similarly, in Count 3, she claims that "Defendants[] intentionally misrepresented to Plaintiff" that they were "the 'holder and owner' of the Note and the beneficiary of the Mortgage/Deed of Trust" and "entitled to exercise the power of sale provision contained in the Mortgage/Deed of Trust." *Id.* ¶¶ 85–86.  She alleges that, by "fraudulently foreclosing on the Property," Defendants are causing her emotional distress and "disparag[ing] Plaintiff's exclusive valid title." *Id.* ¶¶ 86, 96, 104.

Gunter also claims that Defendants failed "to fully inform [her] of the pros and cons of adjustable rate mortgages," in violation of TILA and HOEPA, when she entered into the mortgage loan, and as a result, she was unable to refinance or obtain a loan modification. *Id.* ¶¶ 133–37.  And, she claims that Defendants violated RESPA by "fail[ing] to disclose that they [would] gain a financial benefit while Plaintiff suffer[ed] financially as a result of the loan product sold to Plaintiff," and because "the payments between the Defendants were misleading and designed to create a windfall." *Id.* ¶¶ 144, 146.

The state court foreclosure action and the present case relate to the same transaction or occurrence: the Note and Deed of Trust on the Property and the foreclosure action that resulted when Gunter failed to make payments. Therefore, all of Gunter's present claims could have been raised in the foreclosure action. *See Prudencio*, 2016 WL 6947016, at *3; *Bullock v. Ocwen Loan Servicing, LLC*, No. PJM-14-3836, 2015 WL 5008773, at *5 (D. Md. Aug. 20, 2015) (finding that plaintiff's FDCPA and RESPA "statutory claims [we]re premised on [plaintiff's] contention that the Defendants lacked the legal authority to enforce the note and deed of trust" and therefore "the statutory claims ar[o]se out of the same series of transactions" as the state

8

foreclosure action and were barred under *res judicata*); *McCreary v. Benificial Mortg. Co. of Maryland*, No. AW-11-CV-01674, 2011 WL 4985437, at *4 (D. Md. Oct. 18, 2011) (dismissing on *res judicata* grounds plaintiff's claims, *inter alia*, for fraud, fraudulent misrepresentation, and intentional infliction of emotional distress, as "Plaintiff had a fair opportunity to present claims against Defendants during the prior foreclosure proceedings"); *Jones*, 2011 WL 382371, at *5; *Anyanwutaku*, 85 F. Supp. 2d at 571. Thus, Defendants have satisfied the second element of claim preclusion.

   3. *Final judgment on the merits*

The Property was sold through the Foreclosure Action, the state court ratified the sale on September 24, 2015, and the court entered an order of judgment on April 8, 2016, awarding possession to PennyMac. The ratification of sale constitutes a final judgment for preclusion purposes. *See McGhee v. JP Morgan Chase Bank, N.A.*, No. DKC-12-3072, 2013 WL 4495797, at *6 (D. Md. Aug. 20, 2013) ("The important ruling in foreclosure cases is the circuit court's ratification of the foreclosure sale. 'When a state court finalizes a foreclosure after the "plaintiff was given an opportunity to raise all objections to the foreclosure sale of [a] property,["] that adjudication is a final judgment on the merits.'" (quoting *Capel v. Countrywide Home Loans*, Nos. WDQ-09-2374, WDQ-09-2439, 2010 WL 457534, at *4 (D. Md. Feb. 3, 2010) (quoting *Anyanwutaku v. Fleet Mortg. Grp.*, 85 F. Supp. 2d 566, 572 (D. Md. 2000)))); *Graves v. OneWest Bank, FSB*, No. PWG-14-1995, 2015 WL 2452418, at *6 (D. Md. May 20, 2015), *recons. denied*, 2015 WL 6769115 (D. Md. Nov. 2, 2015), *aff'd*, 653 F. App'x 788 (4th Cir. 2016).

Additionally, Gunter filed a Notice of Appeal on April 25, 2016. The Court of Special Appeals dismissed the appeal on December 20, 2016.

9

> [E]ven if the appeal were still pending, the "Circuit Court's then-valid adjudication" would nevertheless be entitled to res judicata effect under Maryland law. *Powell v. Breslin,* 430 Md. 52, 64, 59 A.3d 531, 538 (2013); *see generally id.* at 64–65, 59 A.3d at 538–39. However, if the appeal were still pending, that fact might counsel a stay in this case pending the outcome of the appeal. *See id.* at 66–70. 59 A.3d at 539–42. The dismissal of the appeal removes any concern as to the propriety of dismissal of this case on res judicata grounds.

*Njau v. Harford Cnty. Tax Assessments & Taxation Dep't*, No. ELH-12-2660, 2013 WL 3491142, at *4 n.6 (D. Md. July 9, 2013). Therefore, there was a final judgment on the merits.

Because all three elements of *res judicata* have been met, the claims pending in this Court, which seek damages for the same allegedly illegal conduct regarding the foreclosure sale of the Property, are precluded and this case must be dismissed with prejudice.

### **ORDER**

Accordingly, it is this 18th day of January, 2017, hereby ORDERED that:

1. The Motion to Dismiss, ECF No. 14, IS GRANTED;

2. Plaintiff's Complaint IS DISMISSED; and

3. The Clerk is DIRECTED to CLOSE THE CASE and to MAIL a copy of this Memorandum Opinion and Order to Plaintiff.

/S/
Paul W. Grimm
United States District Judge